**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502; CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, | ) | CASE NO.: 1:26-cv-14162<br><br>JUDGE:<br><br>MAG. JUDGE: |
| Plaintiffs, | ) | |
| vs. | ) | |
| H&Z FIREPROOFING, INC., an Illinois corporation, and EZEQUIEL HUARACHA, an individual, | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, the PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502, the CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants, H&Z FIREPROOFING, INC. and EZEQUIEL HUARACHA, and in support, allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of

the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502 ("Pension Fund"), the CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND ("Welfare Fund"), the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("Annuity Fund"), the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND ("Training Fund"), and the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND ("Retiree Welfare Fund") (collectively, the "Funds") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Funds receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("Union") and the Midwest Wall & Ceiling Contractors, and therefore are multiemployer plans under 29 U.S.C. § 1002(37)(A).

4. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

5. The Union is the bargaining representative of H&Z FIREPROOFING, INC.'s ("H&Z") plasterer employees.

6. Defendant H&Z is an Illinois corporation with its principal place of business in Gilberts, Illinois.

7. Defendant EZEQUIEL HUARACHA ("Huaracha") is the President of H&Z who resides in Carpentersville, Illinois.

**COUNT I**
**BREACH OF CONTRACT – CBA AND MOA**
**DEFENDANT H&Z**

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. On May 19, 2023, H&Z entered into a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached as **Exhibit 1**).

10. Through the MOA, H&Z recognized the Union as the exclusive majority representative of its plasterer employees pursuant to Section 9(a) of the Labor-Management Relations Act (29 U.S.C. § 159). (**Exhibit 1**).

11. Through the MOA, H&Z also became bound to the Collective Bargaining Agreement ("CBA") between the Union and the Midwest Wall & Ceiling Contractors in effect during the period of June 1, 2021, through May 31, 2026. (A copy of the 2021-2026 CBA is attached as **Exhibit 2**).

12. Pursuant to the MOA, H&Z also became bound to the successor CBA between the Union and the Midwest Wall & Ceiling Contractors in effect during the period of June 1, 2026, through May 31, 2029. (A copy of the 2026-2029 CBA is attached as **Exhibit 2**).

13. Through the CBA and MOA, H&Z agreed to be bound by the provisions of the Agreements and Declarations of Trust which created and administer the Funds (hereinafter referred to as the "Trust Agreements"). (**Exhibit 2**).

14. Pursuant to the provisions of the CBA, MOA, and Trust Agreements, H&Z is required to report hours worked by its plasterer employees on a monthly basis and pay contributions to the Funds for each hour that a plasterer employee performs any work at the negotiated rate agreed to by the Union and Midwest Wall & Ceiling Contractors. (**Exhibit 2**).

15. Pursuant to the CBA and properly executed check-off cards, H&Z is required to deduct dues from its plasterer employees' wages for each hour paid as dues and transmit the dues to the Union. (**Exhibit 2**).

16. Pursuant to the CBA, H&Z is required to report all hours, pay contributions and transmit dues on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBA and Trust Agreements, employers who fail to pay contributions to the Funds, and transmit dues to the Union, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

18. The Trust Agreements authorize the Trustees of the Funds to have an audit made by an independent certified public accountant or its representatives of the payroll of a signatory employer.

19. On several occasions, the Funds' auditor has attempted to conduct a payroll compliance audit (the "Audit") of H&Z for the time period of April 1, 2025 through present.

20. To perform the Audit, the auditor requested the following documentation from H&Z:

    a. All 2025 Forms W-2 and W-3;

b. Quarterly State Unemployment Tax Act returns, including detailed supporting documentation identifying employee names, Social Security numbers, and wages paid, for the quarters ending June 30, 2025, September 30, 2025, December 31, 2025, March 31, 2026, June 30, 2026, and September 30, 2026;

c. Detailed payroll reports for the period of April 1, 2025, through October 10, 2026, including check dates, employee names, hours worked, and wages paid;

d. A disbursement journal for the period of April 1, 2025, through September 30, 2026;

e. All 2025 Forms 1096 and 1099;

f. H&Z's 2025 federal corporate income tax returns, including all supporting documentation and schedules;

g. A list of all H&Z employees in 2025, including each employee's job description or union affiliation;

h. Copies of all reports submitted to other unions (excluding Cement Masons Local 502) for June 2026; and

i. A completed copy of the auditor's questionnaire.

21. Despite repeated demands by Plaintiffs, H&Z has failed to produce the documents and records described above.

22. H&Z's failure to produce the above-described documents and records constitutes a breach of the MOA, CBA, and Trust Agreements.

23. H&Z is obligated to pay any contributions and dues deficiencies revealed to be due and owing by the Audit, along with the resulting liquidated damages.

24. H&Z has an ongoing obligation under the CBA to pay contributions and transmit dues on behalf of its plasterer employees; thus, additional contributions, dues, and liquidated damages may become due and owing.

25. Plaintiffs have been required to employ the undersigned counsel to compel H&Z's compliance with the payroll compliance audit.

26. H&Z is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, MOA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. H&Z be ordered to produce records and documents necessary to complete the Audit, including but not limited to the following:

i. All 2025 Forms W-2 and W-3;

ii. Quarterly State Unemployment Tax Act returns, including detailed supporting documentation identifying employee names, Social Security numbers, and wages paid, for the quarters ending June 30, 2025, September 30, 2025, December 31, 2025, March 31, 2026, June 30, 2026, and September 30, 2026;

iii. Detailed payroll reports for the period of April 1, 2025, through October 10, 2026, including check dates, employee names, hours worked, and wages paid;

iv. A disbursement journal for the period of April 1, 2025, through September 30, 2026;

v. All 2025 Forms 1096 and 1099;

vi. H&Z's 2025 federal corporate income tax returns, including all supporting documentation and schedules;

vii. A list of all H&Z employees in 2025, including each employee's job description or union affiliation;

viii. Copies of all reports submitted to other unions (excluding Cement Masons Local 502) for June 2026; and

ix. A completed copy of the auditor's questionnaire.

B. Judgment be entered in favor of Plaintiffs and against H&Z in an unknown amount for any contributions and dues revealed to be due and owing by the Audit, along with the resulting liquidated damages;

C. Judgment be entered in favor of Plaintiffs and against H&Z in an unknown amount for any and all audit fees associated with the Audit;

D. Judgment be entered in favor of Plaintiffs and against H&Z for any and all other contributions, dues, and liquidated damages found to be due and owing in addition to those referenced in Paragraph B above;

E. H&Z be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, MOA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant H&Z's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**BREACH OF CONTRACT – INSTALLMENT AGREEMENT**
**DEFENDANTS H&Z AND HUARACHA**

27. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28. In January 2026, Plaintiffs and Defendants entered into an Installment Payment Agreement ("Installment Agreement"). (A copy of the fully executed Installment Agreement is attached as **Exhibit 3**).

29. Pursuant to Paragraph 5 of the Installment Agreement, Huaracha agreed to be personally liable for all of the obligations called for in the Installment Agreement, as well as for all ongoing contributions, liquidated damages, interest, attorneys' fees, audit costs, and audit deficiencies that may become due and owing during the duration of this Agreement. (Installment Agreement ¶ 5 | **Exhibit 3**).

30. Pursuant to Paragraph 11 of the Installment Agreement, H&Z and Huaracha are required to produce documentation relating to H&Z's past, current, and/or upcoming projects including, but not limited to, the following:

a. Project's property owner;
b. Project's address;
c. Dates HZ performed work on the project;
d. General contractor on the project;
e. Any higher-tiered subcontractors on the project;
f. Man hours attributable/expected on the project;
g. Amount of contract for the project; and
h. Payroll records by project.

(Installment Agreement ¶ 11 | **Exhibit 3**).

31. The documentation that H&Z and Huaracha must produce under Paragraph 30 above includes the documents needed to perform the Audit, as described in Paragraph 20 above.

32. H&Z and Huaracha breached the Installment Agreement by failing to produce the above-described documents necessary for the auditor to perform the Audit.

33. Paragraph 14 of the Installment Agreement states as follows:

> If a new payroll compliance audit should be conducted for a different time period and a reporting deficiency or discrepancy is discovered, the parties agree that said discrepancy and/or deficiency shall not be considered as resolved, waived, and/or paid by the terms of this Agreement and that any such discrepancy and/or deficiency shall be treated as a separate and distinct claim from the claims settled in this Agreement, wherein the Funds and/or Union shall maintain the ability to separately pursue those amounts as due and owing without limitation. Nevertheless, to the extent a discrepancy occurred while this Agreement is in effect, Huaracha agrees that he shall be personally obligated for any discrepancies.

(Installment Agreement ¶ 14 | **Exhibit 3**).

34. Accordingly, H&Z and Huaracha are liable for any amounts revealed by the Audit as due and owing.

35. Pursuant to Paragraph 4 of the Installment Agreement, H&Z and Huaracha have an ongoing obligation under the CBA to pay contributions and transmit dues on behalf of their plasterer employees; thus, additional contributions, dues, and liquidated damages may become due and owing. (Installment Agreement ¶ 4 | **Exhibit 3**).

36. Plaintiffs have been required to employ the undersigned counsel to compel H&Z and Huaracha's compliance with the payroll compliance audit.

37. H&Z and Huaracha are obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Installment Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. H&Z and Huaracha be ordered to produce records and documents necessary to complete the Audit, including but not limited to the following:

  i. All 2025 Forms W-2 and W-3;

  ii. Quarterly State Unemployment Tax Act returns, including detailed supporting documentation identifying employee names, Social Security numbers, and wages paid, for the quarters ending June 30, 2025, September 30, 2025, December 31, 2025, March 31, 2026, June 30, 2026, and September 30, 2026;

  iii. Detailed payroll reports for the period of April 1, 2025, through October 10, 2026, including check dates, employee names, hours worked, and wages paid;

  iv. A disbursement journal for the period of April 1, 2025, through September 30, 2026;

  v. All 2025 Forms 1096 and 1099;

  vi. H&Z's 2025 federal corporate income tax returns, including all supporting documentation and schedules;

  vii. A list of all H&Z employees in 2025, including each employee's job description or union affiliation;

  viii. Copies of all reports submitted to other unions (excluding Cement Masons Local 502) for June 2026; and

  ix. A completed copy of the auditor's questionnaire.

B. Judgment be entered in favor of Plaintiffs and against H&Z and Huaracha in an unknown amount for any contributions and dues revealed to be due and owing by the Audit, along with the resulting liquidated damages;

C. Judgment be entered in favor of Plaintiffs and against H&Z and Huaracha in an unknown amount for any and all audit fees associated with the Audit;

D. Judgment be entered in favor of Plaintiffs and against H&Z and Huaracha for any and all other contributions, dues, and liquidated damages found to be due and owing in addition to those referenced in Paragraph B above;

E. H&Z and Huaracha be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Installment Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants H&Z and Huaracha's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502, *et al.***

/s/ Spencer J. Garner – 6349089
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
141 W. Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 320-9420
garner@johnsonkrol.com